[No. AO17509. First Dist., Div. Four. Sept. 30, 1983.]

COUNTY OF HUMBOLDT, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD,
McNAMARA & PEEPE LUMBER COMPANY et al., Respondents.

**COUNSEL**

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, William D. Stein, Assistant Attorney General, Ronald E. Niver and Gloria F. DeHart, Deputy Attorneys General, for Petitioner.

Mullen & Filippi, Kevin J. McCarthy, James T. Ponzio and Grace M. Morton for Respondents.

**OPINION**

**RATTIGAN, J.**—Norman E. Pautz commenced a workers' compensation proceeding by applying to respondent appeals board (Board) for an award of benefits payable to him as the result of injuries he had received in an industrial accident. The County of Humboldt (County) appeared in the proceeding and claimed a lien against the award in the amount of payments it had made for the support of Pautz' minor children pursuant to the aid to

families with dependent children (AFDC) law. The Board made an order denying the claim of lien. We granted a petition by the County for a writ of review. We now affirm the order.

Pautz was injured in 1978. He had two minor children by a previous marriage which had been dissolved in 1971. When he was injured, he was subject to a court order which required him to pay $37.50 per month to his former wife for the support of each child. At or about the time he was injured, the County commenced making AFDC payments to the former wife for the support of the children.

After he was injured, Pautz applied to the Board for an award of workers' compensation benefits. His employer and its workers' compensation insurance carrier (respondents herein) appeared in the proceeding as defendants. In 1979, the County appeared in the proceeding by filing a "Notice and Request for Allowance of Lien" against any award of benefits to be made to Pautz. In an amended notice filed in 1981, the County claimed a lien by way of "reimbursement" for AFDC payments made for the support of the children from June 1978, through May 1981, in the sum of $2,775.[1]

Pautz' application for benefits was heard before a Board referee in 1981. Late in that year, the referee made an order (findings and award and order denying lien) in which Pautz was awarded workers' compensation benefits "equivalent to $2,047.50" and the County's claim of lien was denied. The County filed a petition for reconsideration, which the Board granted. In an "Opinion and Decision After Reconsideration" filed in 1982, the Board adopted and affirmed the referee's order denying the claim of lien. This review proceeding followed.

REVIEW

The County's claim of lien was filed pursuant to Labor Code section 4903, subdivision (e), which—as pertinent to the present case—authorizes the Board to allow a lien against an award of workers' compensation benefits for "reasonable living expenses of the . . . minor children . . . of the injured employee, . . . subsequent to the date of the injury, where such em-

---

[1]In the proceeding before the Board, respondents disputed this amount and raised other issues in opposition to the claim of lien. Because we affirm the Board's order denying the claim, we do not reach these issues.

ployee has deserted or is neglecting his or her family" and "application" for allowance of the lien is made by "the guardian of the minor children."[2]

The fact that the payments for which the County claimed a lien were made pursuant to the AFDC law establishes that they were expended for the "reasonable living expenses" of Pautz' minor children, and that he had "deserted or . . . [was] . . . neglecting his . . . family," within the meaning of Labor Code section 4903, subdivision (e).[3] In its opinion and decision after reconsideration, however, the Board stated that the claim of lien "must be denied" because section 4903 "must be strictly construed"; because a "strict construction" of subdivision (e) thereof "limits rights" thereunder to "applications made by the wife or guardian ad litem" of the minor children involved; and because the claim in the present case had been made by the County alone.

---

[2]Section 4903 appears in division 4 of the Labor Code (the workers' compensation law) in part 3 thereof (compensation claims), chapter 1 (payment and assignment, commencing with § 4900.) Section 4903 is to be read in context with section 4901. The two sections respectively provide in pertinent part as follows:

"4901. No claim for compensation awarded nor compensation awarded, adjudged, or paid, is subject to be taken for the debts of the party entitled to such compensation *except as hereinafter provided.*

". . . . . . . . . . . . . . . . . . . . . . . .

"4903. The appeals board may determine, and allow as liens against any sum to be paid as compensation, any amount determined as hereinafter set forth in subdivisions (a) through (i). . . . The liens which may be allowed hereunder are as follows:

"(a) A reasonable attorney's fee for legal services . . . [rendered in the proceeding] . . . and the reasonable disbursements in connection therewith.

"(b) The reasonable expense incurred by or on behalf of the injured employee . . . [for medical treatment] . . . .

"(c) The reasonable value of the living expenses of an injured employee or of his or her dependents, subsequent to the injury.

"(d) The reasonable burial expenses of the deceased employee . . . .

"(e) The *reasonable living expenses* of the spouse or *minor children of the injured employee,* or both, subsequent to the date of the injury, *where such employee has deserted or is neglecting his . . . family.* Such expenses *shall be allowed* in such proportion as the appeals board deems proper, *under application* of the spouse or *guardian of the minor children.*

"(f) The amount of unemployment compensation disability benefits which have been paid under or pursuant to the Unemployment Insurance Code . . . [in specified circumstances] . . . .

"(g) The amount of unemployment compensation benefits and extended duration benefits paid to the injured employee . . . [in specified circumstances] . . . .

"(h) The amount of indemnification granted pursuant to . . . [cited statutes providing for indemnification of victims of crime] . . . .

"(i) The amount of compensation . . . paid by the Asbestos Workers' Account pursuant to . . . [cited provisions of the Labor Code] . . . ." (Italics added.)

[3]Citations to the "AFDC law" are to the Burton-Miller Act. (Welf. & Inst. Code, div. 9, pt. 3, ch. 2 ("Aid to Families with Dependent Children," commencing with § 11200). The facts mentioned in the text as "established" are shown by reference to various provisions of that enactment. (See, e.g., *id.*, § 11205; § 11250, subd. (b).) The facts were not clearly made to appear in the County's claim of lien, but their existence is not disputed.

The County challenges this construction of Labor Code section 4903, subdivision (e), as "hyper-technical," and contends that its claim of lien for the AFDC payments must be allowed pursuant to a cited decision (*Ogdon* v. *Workmen's Comp. Appeals Bd.* (1974) 11 Cal.3d 192 [113 Cal.Rptr. 206, 520 P.2d 1022]) and various statutes not appearing in the workers' compensation law.

In the decision cited, the Supreme Court considered the allowability of a claim of lien filed against a workers' compensation award by a county which had paid AFDC benefits to the injured employee himself. (*Ogdon* v. *Workmen's Comp. Appeals Bd.*, *supra,* 11 Cal.3d 192 at p. 195.) The court held that the claim was not allowable because "[i]n order to assert a lien against a compensation award there must be a valid debt" (*id.,* at p. 197); the claim must be asserted by a "creditor" with the "right of repayment" (*ibid.*); and that these requisites had not been met because the AFDC law did not permit the county to recover the amount of the payments *from the recipient.* (11 Cal.3d at pp. 198-209.)

The *Ogdon* court observed that the AFDC law provided for the "recovery of moneys paid" in other "limited circumstances," and that they included the situation "where separation or desertion by a parent or parents has resulted in aid being granted to a spouse or child or children." (11 Cal.3d at p. 201 [text and fn. 10, quoting Welf. & Inst. Code, § 11350].) The court's reference to that exceptional situation was made by way of pointing out—distinguishably—that it did not exist in *Ogdon,* where the AFDC payments underlying the claim of lien were made to the injured employee himself and the lien was consequently claimed by the paying county pursuant to Labor Code section 4903, subdivision (c). (See 11 Cal.3d at p. 195.) We have recognized that the exceptional situation exists in the present case. (See the text at fn. 3, *ante.*) The *Ogdon* court's reference to it thus suggests that *according to the AFDC law* the County may have a right to recover from Pautz an amount representing the sum of the AFDC payments it made for the support of his children. The question remains whether the *workers' compensation law* authorizes the Board to recognize this right by allowing the County a lien against his award where "application" therefor is made pursuant to Labor Code section 4903, subdivision (e), but not by the "guardian" of the children as that statute requires. (See fn. 2, *ante.*) This question was not answered by *Ogdon* because the *Ogdon* court did not reach it.

The County contends in effect that its claim of lien must be allowed because it has the right to recover its AFDC payments from Pautz, to the extent fixed by the court order which required him to pay $75 per month

for the support of his children at the time he was injured, by operation of Welfare and Institutions Code section 11350.[4] The County also contends in effect that it has the same right against him, but without limitation by the court order, pursuant to Civil Code section 248.[5] Neither statute has any application in the present case. This is shown by the following language in the *Ogdon* decision, which may be applied here by adaptation:

"Section 11350 et seq. [of the Welfare and Institutions Code] authorize the county which has furnished AFDC support to a child or children deserted by a parent or parents to bring *a civil action* for enforcement of support. Its provisions are not in issue here. . . . Likewise the provisions of section 248 of the Civil Code, upon which the county relies, are not in issue. Section 248 of the Civil Code was enacted as part of the Uniform Civil Liability for Support Act (Stats. 1955, p. 1451). It authorizes *a civil action* to enforce the right of the child to support against a defaulting parent, to secure reimbursement for the county and to obtain continuing support for the child. The support so furnished is in furtherance of the county's obligation to care and support for indigents and the parents' obligation to care for their children. It is distinguishable from the county's obligation to furnish aid under the AFDC program to qualified individuals for support of themselves and their families." (*Ogdon* v. *Workmen's Comp. Appeals Bd.*, *supra*, 11 Cal.3d 192, at p. 202 [italics in the original; fns. omitted].)

The County further contends in effect that the lien in dispute must be allowed because the County has claimed it as the *assignee* of the AFDC

---

[4]Welfare and Institutions Code section 11350 appears in the AFDC law. (See fn. 3, *ante.*) It provides in pertinent part: "In any case of separation or desertion of a parent or parents from a child or children which results in aid under this chapter being granted to such family, the noncustodial parent . . . shall be obligated to the county for an amount equal to: [¶] (a) The amount specified in an order for the support and maintenance of such family issued by a court of competent jurisdiction . . . . [¶] *The district attorney shall take appropriate action* pursuant to this section *in the superior court of the county* which provided aid under this chapter. . . ." (Italics added.)

[5]Civil Code section 248 appears in the Uniform Civil Liability for Support Act. (Civ. Code, pt. 3, tit. 3, commencing with § 241.) It must be read in context with sections 241 and 242, which precede it in that enactment. As pertinent here, the three sections respectively provide:

"241. As used in this title: . . . [¶] (b) 'Obligor' means any person owing a duty of support. [¶] (c) 'Obligee' means any person to whom a duty of support is owed. . . .

"242. Every . . . [man] . . . shall support his . . . child . . . .

" . . . . . . . . . . . . . . . . . . . . . . . . . . .

"248. The obligee may enforce his right of support against the obligor and the county may proceed on behalf of the obligee to enforce his right of support against the obligor. Whenever the county furnishes support to an obligee, it has the same right as the obligee to whom the support was furnished, for the purpose of securing reimbursement and of obtaining continuing support. The right of the county to reimbursement shall be subject to any limitation otherwise imposed by the law of this state. . . ."

recipients by operation of Welfare and Institutions Code section 11477, subdivision (a).[6] That statute does make the County an assignee of the recipients' rights against Pautz for their support. (See fn. 6, *ante.*) It is nevertheless cast in broad terms which require assignment of those rights by them as "a condition of eligibility" for AFDC payments, and which dispense with a formal assignment by providing that receipt of the payments "operate as an assignment by operation of law," but which include no provision for the enforcement of the support rights by the assignee. The statute thus empowers the County to enforce the AFDC recipients' support rights against Pautz in any manner provided to an assignee by general law. Welfare and Institutions Code section 11477, subdivision (a), is therefore a *general* statute.

Labor Code section 4901 provides that "[n]o claim" for workers' compensation benefits may be "taken for the debts" of the injured employee "except as hereinafter provided." (See fn. 2, *ante.*) The exceptions "hereinafter provided" appear in Labor Code section 4903, which authorizes the Board to allow a lien against the employee's award in specified situations. The situation involved here is defined in subdivision (e) of section 4903, which authorizes the allowance of a lien on the award for the "reasonable living expenses" of the employee's "minor children" upon the express conditions (1) that the expenses were incurred "subsequent to the date of the injury"; (2) that the employee "has deserted or is neglecting his . . . family"; and (3) that "application" for allowance of the lien is made by the "guardian of the minor children." (See *ibid.*) These provisions are *specific* by reason of their context, the limited situation in which they apply, and their express language.

It thus appears that the County is attempting to enforce the AFDC recipients' support rights against Pautz, as the assignee thereof pursuant to a general statute (Welf. & Inst. Code, § 11477, subd. (a)), by claiming a lien against his workers' compensation award pursuant to a statute which is based on the same rights but is markedly specific in its language. (Lab. Code, § 4903, subd. (e).) ■ A specific statute controls in preference to a general statute dealing with the same subject. (Code Civ. Proc., § 1859; *Lacy v. Richmond Unified Sch. Dist.* (1975) 13 Cal.3d 469, 472 [119

---

[6]Welfare and Institutions Code section 11477 also appears in the AFDC law. (See fn. 3, *ante.*) It provides in pertinent part: "As a condition of eligibility for aid paid under this chapter, each applicant or recipient shall: [¶] (a) Assign to the county any rights to support from any other person such applicant may have in their own behalf or in behalf of any other family member for whom the applicant is applying for or receiving aid, and which have accrued at the time such assignment is made. Receipt of public assistance under this chapter shall operate as an assignment by operation of law. . . ."

Cal.Rptr. 1, 530 P.2d 1377]; *Rose* v. *State of California* (1942) 19 Cal.2d 713, 723-724 [123 P.2d 505]; *Kennedy* v. *City of Ukiah* (1977) 69 Cal.App.3d 545, 552 [138 Cal.Rptr. 207]. "It is well settled . . . that a general provision is controlled by one that is special, the latter being treated as *an exception* to the former." (Italics added.) *Rose* v. *State of California, supra,* 19 Cal.2d 713; *Kennedy* v. *City of Ukiah, supra,* 69 Cal.App.3d 545.) ▇▇ The County's right to a lien is thus controlled by Labor Code section 4903, subdivision (e), notwithstanding its general rights as the AFDC recipients' assignee pursuant to Welfare and Institutions Code section 11477, subdivision (a).

The County has fairly shown that the "reasonable living expenses" involved were incurred "subsequent" to Pautz' injury, and that he had "deserted or . . . [was] . . . neglecting his . . . family" within the meaning of Labor Code section 4903, subdivision (e). (See fn. 3 and the accompanying text, *ante.*) It has accordingly met the first two conditions of a lien prescribed in the statute. It has not met the third condition because "application" for allowance of the lien has not been made by the "guardian of the minor children" as the statute requires.

The third condition is singularly specific because no comparable provision appears in any other subdivision of Labor Code section 4903. (See fn. 2, *ante.*) The condition has been in subdivision (e) of the section, or in its predecessor section, since the workers' compensation law originated in the enactment of the Workmen's Compensation Insurance and Safety Act of 1917. (See Stats. 1917, ch. 586, § 24(b)(5), pp. 851-852; see also *Ogdon* v. *Workmen's Comp. Appeals Bd., supra,* 11 Cal.3d 192 at p. 196, fn. 1.) ▇▇ It is an established rule of statutory construction that every word, phrase, and provision employed in a statute is intended to have meaning and to perform a useful function. (*Clements* v. *T. R. Bechtel Co.* (1954) 43 Cal.2d 227, 233 [273 P.2d 5]; *Mahdavi* v. *Fair Employment Practice Com.* (1977) 67 Cal.App.3d 326, 334 [136 Cal.Rptr. 421].) ▇▇ The third condition must therefore be satisfied according to its plain meaning. It not having been met here, the County's claim of lien was properly denied.

A different result would require a liberal interpretation of Labor Code section 4903, subdivision (e), to the effect that it authorizes the allowance of a lien to the County on the basis that the County itself may validly make "application" therefor as the assignee of the children's support rights against Pautz. The decisions dealing with the allowance of liens against workers' compensation awards demonstrate that the statutes authorizing them must be strictly construed. (See, e.g., *Prudential Insurance Co.* v. *Workers' Comp. Appeals Bd.* (1978) 22 Cal.3d 776, 780 [151 Cal.Rptr.

537, 588 P.2d 239]; *Ogdon* v. *Workmen's Comp. Appeals Bd., supra,* 11 Cal.3d 192 at pp. 196-197.) This principle is consistent with Labor Code section 3202, which requires that the provisions of the workers' compensation law be liberally construed in favor of the injured employee alone. The Board was correct in according a strict construction to Labor Code section 4903, subdivision (e).

The opinion and decision after reconsideration is affirmed.

Caldecott, P. J., and Sullivan, J.,* concurred.

Petitioner's application for a hearing by the Supreme Court was denied December 14, 1983.

---

*Assigned by the Chairperson of the Judicial Council.